UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-05742-HDV-AJR | Date | May 2, 2025 |
|---|---|---|---|
| Title | MNE Trucking, Inc., et al. v. OJ Commerce, LLC, et al. | | |

| Present: | Hon. A. Joel Richlin, U.S. Magistrate Judge | |
|---|---|---|
| Claudia Garcia-Marquez | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys for Plaintiff(s): | | Attorneys for Defendant(s): |
| N/A | | N/A |

**Proceedings:** **ORDER TO SHOW CAUSE RE SANCTIONS FOR PLAINTIFF'S FAILURE TO MEET THE COURT'S APRIL 28, 2025 PRODUCTION DEADLINE FOR RESPONSIVE INVOICES**

     This is a business dispute between a trucking company, Plaintiff and Counter-Defendant MNE Trucking, Inc. ("Plaintiff"), and one of its customers, Defendant and Counter-Claimant OJ Commerce, LLC ("Defendant"),[1] regarding payment for services rendered, as well as the pricing for those services. (Dkt. 10 at 2-5; Dkt. 33 at 3-5.) The case started because Plaintiff alleged that Defendant failed to timely pay $91,647.50 for services rendered. (Dkt. 10 at 4.) After litigation commenced, Defendant filed a Counterclaim alleging that Plaintiff misrepresented its rates to induce Defendant to enter an agreement for trucking services and then overcharged Defendant. (Dkt. 33 at 3-5.)

     The parties have been engaged in discovery for months and the Court has conducted 9 informal discovery conferences since December of 2024. (Dkts. 65, 66, 67, 69, 71, 75, 81, 92, 101.) Despite serving discovery responses denying possession of documents related to pricing, Plaintiff's counsel later acknowledged to the Court during informal discovery conferences that Plaintiff had voluminous invoices and related data that was responsive to Defendant's RFP Nos. 5, 13, and 14. (Dkts. 65, 66.) The Court worked with the parties for months to try and find an efficient and economical way of producing this information, first through a data export, then a sampling of invoices, and finally production of all responsive invoices. (Dkts. 67, 69, 71, 75, 81, 92.) The Court ultimately set a deadline of April 28, 2025 for Plaintiff to complete production of responsive invoices, but Plaintiff did not meet the deadline. (Dkt. 92.)

---

     [1] Defendant is an online retailer engaged in interstate commerce that sells consumer goods. (Dkt. 33 at 3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-05742-HDV-AJR | Date | May 2, 2025 |
|---|---|---|---|
| Title | MNE Trucking, Inc., et al. v. OJ Commerce, LLC, et al. | | |

      On April 29, 2025, the Court held an informal discovery conference to discuss Plaintiff's failure to comply with the Court's April 28, 2025 production deadline for invoices from 2019 through 2022.  (Dkt. 101.)  Plaintiff's counsel advised the Court that it did not produce any invoices to Defendant by the April 28, 2025 deadline, and instead, provided the first tranche of invoices on the morning of April 29, 2025.  (Id.)  Accordingly, the Court advised Plaintiff that it would issue an Order to Show Cause re Sanctions for Plaintiff's failure to comply with the Court's deadline.  (Id.)  In the meantime, the Court encouraged Plaintiff to complete production of the invoices as quickly as possible.  (Id.)

      Based on Plaintiff's admitted failure to comply with the Court's April 28, 2025 production deadline, Plaintiff is ORDERED TO SHOW CAUSE why it should not be sanctioned $500 per day for every day after April 28, 2025 that it has not completed production of responsive invoices (with Bates stamps).  See Fed. R. Civ. P. 37(b)(2)(A)(vii).  In other words, the Court intends to impose sanctions of $500 per day for every day that Plaintiff does not complete production of responsive invoices (with Bates stamps) after April 28, 2025.  These are coercive sanctions intended to induce compliance by Plaintiff and therefore shall be payable to the Court.  See, e.g., RG Abrams Ins. v. L. Offs. of C.R. Abrams, 2021 WL 5213103, at *9 (C.D. Cal. Nov. 9, 2021) ("One type of civil contempt coercive sanction is a per diem fine payable to the court and imposed for each day a contemnor fails to comply with an affirmative court order.").  Plaintiff may file a response opposing these sanctions no later than **May 9, 2025** setting forth any reason why the Court should not impose sanctions, or should not impose the amount of sanctions described in this Order.

      IT IS SO ORDERED.